Mr. Justice Jambs
delivered the opinion of the court :
It is claimed by the appellee that this cash is not properly here, for want of a bill of exceptions. The bill shown to us appears to be dated the 10th of February, while the minutes of the Circuit Court state, under the date of 14th of January, that the court adjourned finally on that day. They state also that on that day a bill of exceptions was duly signed. Of course we are not to presume that the judge signed two sets of bills of exceptions. On the record, then, the case stands thus : the date of the bill names a day which fell after the adjournment of the court term ; the minutes state that it was signed on the last day of the term. We shall treat this bill as having been signed during the term. As we understand counsel on both sides to say that, as a matter of fact, the entry of final adjournment was not made until after the bill of exceptions was signed, we conceive that the ends of justice are served by giving weight to the statement of the record that the bill was so signed, notwithstanding the conflict of dates. We shall consider, therefore, the questions raised and argued upon the exceptions presented.
It was objected that Mrs. Spaids, being a married woman, could not purchase the furniture taken under the writ of replevin, and could not execute a valid deed of trust to the vendor to secure the price. • Neither of these propositions is correct. She could acquire title either by gift or by sale to her. As this title was derived, not from her husband, but from a stranger, the furniture became her separate property, under the Married Woman’s Act, and she was competent to make contracts concerning it. She could convey, it absolutely or mortgage it or pledge it. It was next objected that the deed of trust was executed by Mrs. Spaids before the goods were delivered to her, and, therefore, before title had passed to her by the contract of sale. But delivery is not necessary to a transfer of title to personalty. If the *42 vendor and vendee agree that the title is in the vendee at once and without any further act, it changes hands by that agreement although no delivery is made. It is plain that the contract of the parties intended to pass the title in this-case, and one of the strongest proofs of that intention was the fact that the vendee executed and the vendor accepted a deed of trust which assumed that the title had first passed to the vendee by the contract of sale.
After the execution of this deed of trust the property was placed in the Owen House, which was carried on by Mrs. Spaids, and it is claimed that the landlord had a lien on it for arrears of rent, and that his right of possession under his attachment was paramount to that of the trustee under his deed of trust. The statute relating to landlords and tenant (Sec. 677-679 R. S. D. C.), gives to the landlord a lien upon the goods of the tenant, and not upon the goods of other persons which are upon the demised premises. It is true that the tenant in this case had an interest in the property in question, but the legal title and the right of possession upon default of payment were in the trustee. It was only subject to this right of the trustee that the landlord’s lien could attach. He fastens his lien upon the property just as he finds it; in other words subject to the trustee’s paramount right of property and possession. The instruction to the jury stated a contrary doctrine.
Judgment is therefore reversed and the cause is remanded for a new trial.